UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DAVID NEIL PHILLIPS,

    Petitioner,

V.

WARDEN,

    Respondent.

Civil Action No. 6: 19-055-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner David Neil Phillips is a prisoner confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Phillips has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] However, Phillips' petition was not filed on a form approved for use by this Court as required by Local Rule 5.2. More critically, Phillips did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914, nor did he file a motion for leave to proceed *in forma pauperis*. Thus, dismissal of Phillips' petition without prejudice is warranted on this ground alone

However, even if the Court overlooked Phillips' failure to pay the filing fee, Phillips' petition must be denied for failure to adequately articulate a claim for relief. Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545

(applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions).

Phillips' 5-page bare-bones petition consists mostly of generic legal arguments and is nearly devoid of factual information specific to his case. From what the Court is able to ascertain, Phillips challenges a conviction for violating 18 U.S.C. § 924(c). [R. 1 at p. 1 (requesting that the Court review his § 924(c) conviction)] However, Phillips may not assert his claims in a habeas corpus petition filed pursuant to § 2241. Rather, a federal prisoner must file a motion under 28 U.S.C. § 2255 to challenge the legality of his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) provides a narrow exception to this rule where § 2255 is structurally "inadequate or ineffective" to seek relief. The exception does not apply simply because that remedy under § 2255 is no longer available, whether because the prisoner did not file a § 2255 motion, the time to do so has passed, or the motion was denied on substantive grounds. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

The Sixth Circuit set forth a rule defining the parameters for challenging a conviction in a § 2241 petition in *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). In *Wooten*, the Sixth Circuit held that § 2241 may be used to challenge the validity of a federal conviction only where, after the petitioner's conviction became final, the Supreme Court issues a retroactively-applicable decision interpreting the federal criminal statute under which the petitioner was convicted in such a manner that the conduct underlying the conviction is no longer criminal. *Wooten*, 677 F. 3d at 307-08; *see also Charles v. Chandler*, 180 F. 3d 753, 756-58 (6th Cir. 1999).

Here, Phillips asserts that he is entitled to relief based on case law issued subsequent to his conviction interpreting sentencing enhancements applied where the defendant has prior convictions for "violent felonies" or "crimes of violence," including *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018) and *United States v. Davis*, 677 F. App'x 933, 935 (5th Cir. 2017), *cert. granted, judgment vacated sub nom. Glover v. United States*, 138 S. Ct. 1979, 201 L. Ed. 2d 239 (2018), and *cert. granted, judgment vacated*, 138 S. Ct. 1979, 201 L. Ed. 2d 239 (2018). However, Phillips is not challenging the use of a prior conviction for a "violent felony" or "crime of violence" as a predicate offense for sentencing enhancement purposes, but, rather, is challenging his actual § 924(c) conviction itself.

Moreover, a review of the record in Phillips' criminal case shows that, pursuant to a plea agreement with the United States, Phillips pleaded guilty to one count of conspiracy to manufacture, distribute, dispense, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count One) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two). *United States v. Phillips*, Case No. 5:12-cr-236-FL-1 (E.D.N.C.).[1] Thus, his § 924(c) conviction was not for the possession of a firearm in relation to a crime of violence, but rather for possessing a firearm in furtherance of a drug trafficking crime. Accordingly, the case law upon which he relies in his § 2241 petition simply does not apply to him.

In addition, to the extent that Phillips argues that § 924(c) is unconstitutional, this claim does not hinge upon a Supreme Court decision of statutory interpretation: it is a constitutional

---

[1] This Court may "take judicial notice of proceedings in other courts of record" and, therefore, may review the record in the prior action on screening of petitioner's habeas petition. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

3

claim that must be asserted if at all pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016) (holding that *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) is retroactively applicable to cases on collateral review, and hence can be asserted as a ground for relief in a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2)); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). *See also Rosello v. Warden F.C.I. Allenwood*, 735 F. App'x 766, 768 n.5 (3d Cir. 2018) (holding that claims under *Johnson* and *Dimaya* are "precisely the type of constitutional claim[s] that can be pursued in a second or successive § 2255 motion"). Because Phillips' constitutional claim is of the kind that may be asserted in a habeas petition filed pursuant to § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004); *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Likewise, Phillips' claim that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment is a constitutional claim of ordinary trial error which could, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

For all of these reasons, Phillips fails to allege facts sufficient to establish that he is entitled to relief and his petition will be denied.

Accordingly, the Court hereby **ORDERS** as follows:

1. Phillips' petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. All pending requests for relief are **DENIED AS MOOT**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Entered: March 6, 2019.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY